UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23186-CIV-WILLIAMS/REID

AUTUMN HAGLE,

    Plaintiff,

v.

ROYAL CARIBBEAN
CRUISES, LTD., *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT INTERCRUISES SHORESIDE & PORT SERVICES, INC.'S MOTION TO SET ASIDE CLERK'S DEFAULT

This cause is before the Court on Defendant, Intercruises Shoreside & Port Services, Inc.'s ("Intercruises") Motion to Set Aside Clerk's Default (the "Motion"). [ECF No. 16]. This cause was referred to the Undersigned by the Honorable Kathleen M. Williams for a Report and Recommendation. [ECF No. 21]. For the reasons addressed below it is **RECOMMENDED** that the Motion [ECF No. 16] be **GRANTED**.

### BACKGROUND

On September 30, 2022, Plaintiff filed this lawsuit against Defendants. [ECF No. 1]. Defendant Intercruises was served with a summons and the Complaint on October 28, 2022. [ECF No. 8]. Its response to the Complaint, therefore, was due November 18, 2022. [*Id.*].

Intercruises avers that it first learned of Plaintiff's claims in March 2022, before Plaintiff filed the Complaint. [ECF No. 16 at 2, 15]. Intercruises forwarded all of the pertinent information to its insurer AXA XL and "trusted that AXA XL was handling the matter diligently." [*Id.* at 2].

1

After Intercruises had been served with the Complaint and summons on October 28, 2022, it sent a copy of the Complaint to AXA XL on November 2, 2022, "and relied upon AXA XL to appoint counsel who would appear on its behalf to defend Intercruises." [*Id.* at 3]. AXA XL, however, did not make a timely appearance. Instead on December 1, 2022, the Court ordered the Clerk to enter default against Intercruises and ordered Plaintiff to move for entry of final judgment on or before December 16, 2022. [ECF No. 13]. The Clerk's default was entered against Intercruises on December 2, 2022. [ECF No. 14].

Intercruises asserts that on the same day it "learned for the first time that no counsel had appeared on its behalf and that the Clerk had entered default against it." [ECF No. 16 at 3]. Intercruises contacted AXA XL but did not receive a response until December 5, 2022. [*Id.*]. Consequently, Intercruises reached out to counsel its current counsel directly despite AXA XL acknowledging it had received the Complaint and summons from Intercruises on November 2, 2022. [*Id.*]. As such, Intercruises contends that its "failure to respond to the Complaint resulted from its reliance on AXA XL to appoint counsel to represent [it] … or inform [it] that it was not going to do so." [*Id.*].

## **LEGAL STANDARD**

Courts have "considerable discretion" in deciding whether to set aside a default. *In re Fortner*, No. 23-60478-CIV, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). Default judgments are disfavored because there is a strong policy of determining cases on their merits. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (noting that the Eleventh Circuit has a "strong policy of determining cases on their merits … [and] therefore, view defaults with disfavor"). In line with the policy of deciding

cases on the merits, a party seeking to vacate a default must only make "a bare minimum showing" to support its claim for relief. *In re Fortner*, 2012 WL 3613879, at *7 (quoting *Jones v. Harell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is considered a "mutable" and "liberal" standard which "var[ies] from situation to situation" based on the facts of a given case. *Compania Interamericana Ex.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard is less rigorous than the standard used for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). As good cause cannot be reduced to a precise formula, courts consider a number of factors to determine whether good cause exists to set aside a default. *Compania Interamericana*, 88 F.3d at 951. These factors include whether: (1) the default was culfpable or willful; (2) setting aside the default would prejudice the opposing party; (3) the defaulting party presents a meritorious defense; (4) the public interest implicated; (5) there was significant financial loss to the defaulting party; and (7) the defaulting party acted promptly to correct the default. *Id.* Courts need not consider every factor. *Id.*

## DISCUSSION

Intercruises attributes its delay in timely responding to the Complaint to its insurer, AXA XL's failure to retain counsel for it in this matter. *See generally* [ECF No. 16].

Here, on balance, there is good cause to vacate the default. Intercruises failure to timely respond to the Complaint does not appear to be culpable or willful. Rather, Intercruises promptly informed its insurance carrier of Plaintiff's claims when it first learned of them, and provided it with copies of the Complaint within a few days of Plaintiff filing the same. Intercruises

3

understandably relied upon AXA XL to obtain counsel on its behalf so it could defend itself in this lawsuit. When Intercruises learned AXA XL had not done so, and that default had been entered against it, Intercruises quickly obtained counsel who then filed the instant Motion. Thus, Intercruises cannot be said to have displayed an "intentional or reckless disregard" for these proceedings. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-cv-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) ("A party willfully default by displaying either an intentional or reckless disregard for the judicial proceedings"). Further, as this case is still in its early stages, setting aside the default will not prejudice Plaintiff. Consequently, there is good cause to set aside the Clerk's entry of default.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant, Intercruises Shoreside & Port Services, Inc.'s Motion to Set Aside Clerk's Default [ECF No. 16] be **GRANTED** and that the Clerk's entry of default [ECF No. 14] be **VACACTED**.

Objections to this Report may be filed with the district judge within **SEVEN** (7) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 21st day of February, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Kathleen M. Williams;**

**All Counsel of Record**